# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

| | |
|---|---|
| **WILLIAM G. BARBER and MELINDA BARBER,**<br><br>    Plaintiffs,<br><br>    v.<br><br>**COUNTRYWIDE HOME LOANS, INC., VIP JIMMY MUNOZ, SHEILA ZUCKERMAN, and ADRIAN ELY,**<br><br>    Defendants. | **Case No. 2:09-cv-40** |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Countrywide Home Loans, Inc. ("Countrywide"), Jimmy Munoz, and Adrienne Ely (collectively, the "Defendants") respectfully request dismissal of Plaintiffs' Complaint for failure to state a claim upon which relief can be granted. All of the claims asserted in the Complaint are frivolous, and the Complaint lacks factual allegations sufficient to support any valid legal claim against Defendants.

## I.    PLAINTIFFS' ALLEGATIONS

Plaintiffs' Complaint contains virtually no allegations of fact to support the inferences and legal conclusions contained in the Complaint. Rather, the Complaint is a fifteen-page document filled with nonsensical legal jargon. Although Plaintiffs claim that they are "seeking a remedy in Admiralty," *see, e.g.,* Complaint, at 2, their allegations appear to be related to a

mortgage loan. *See, e.g., id.* at 4 (referencing a "Mortgage Note") and 6 (demanding cancellation and discharge of their mortgage loan debt).

According to Plaintiffs' Complaint, a "note was created on [Plaintiffs'] credit . . . and was not an asset of [CHL]." *Id*. at 4. CHL allegedly "**sold** the original note and failed to give credit to [Plaintiffs'] account." *Id.* (emphasis in original). Plaintiffs demand to "inspect the 'Original Mortgage Note,' with wet ink signatures … [to determine] whether or not the mortgage has been satisfied." *Id*.

The Complaint also references an "Agreement"—presumably a loan agreement—that "did not provide the Plaintiffs with knowledge of the nature of the transaction." *Id.* at 5. According to Plaintiffs, the Agreement "concealed the fact that [CHL] exchanged [Plaintiffs'] Note [which was Plaintiffs' Asset] for a credit to the borrower's transaction Account." *Id*. Plaintiffs claim that this "credit" loan was unconstitutional. *Id.* at 2, 6.

Plaintiffs state that they "tendered a lawful offer to [CHL] to settle" their alleged claims, but that CHL refused the "lawful offer and has refused to zero the account." *Id*. at 6. Plaintiffs allege that, as a result, Defendants are liable for "a Dishonor in Commerce, Fraud, Theft of Public Funds, Racketeering, and Conspiracy," and the debt has been discharged. *Id*. at 5-6. Under the heading confusingly titled "Counterclaim," Plaintiffs demand "$1,000,000.00 per count Per Third Party Defendant." *Id.* at 12. Plaintiffs also demand payment of the "$2,200,000.00 [CHL] received when it sold [their] Note and did not give [them] the credit it exchanged for [their] Note." *Id*. at 11.

With respect to Munoz and Ely, Plaintiffs' Complaint contains no allegations against them whatsoever. In fact, the only place those defendants are referenced is in the caption and on

2

page 4, where Plaintiffs "demand that [CHL], Jimmy Munoz, Sheila Zuckerman, and Adrian Ely produce their Proof of Claim." It is not clear what "claim" Munoz and Ely are alleged to have made.

## II. ARGUMENT

**A. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

To avoid dismissal based on Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). A plaintiff is obligated to make factual allegations which are "enough to raise a right to relief above the speculative level." *Id.* at 1965. In other words, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

While a plaintiff's allegations must generally be taken as true when ruling on a motion to dismiss, the court is not required to accept unsupported legal allegations or "conclusory factual allegations devoid of any reference to actual events." *Brownscombe v. Dep't of Campus Parking*, 203 F. Supp. 2d 479, 481 (D. Md. 2002). In addition, the court may dismiss a complaint "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall County Board of Education v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

Complaints filed by *pro se* litigants must be liberally construed. *See Brice v. Jenkins*, 489 F. Supp. 2d 538, 541 (E.D. Va. 2007). However, *pro se* claimants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (quoting *Farguson v. MBank*

3

*Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)). Even in *pro se* cases, the court is "not required to conjure up questions never squarely presented." *Brice*, 489 F. Supp. 2d at 541.

      **1.**      <u>**All of Plaintiffs' Claims are Frivolous.**</u>

Plaintiffs allege that: (1) their promissory note was created on their "credit" and "was not an asset of [CHL]"; (2) CHL "concealed the fact that [it] exchanged [their] Note which was [their] Asset for a credit to the borrower's transaction"; (3) CHL "**sold** the original note and failed to give credit to [their] account"; (emphasis in original); and (4) that the "credit" loan was "unlawfully committed in violation of Article 1 Section 10 of the U.S. Constitution." Complaint at 2, 4-6. Plaintiffs state that their damages should be paid in U.S. dollars, "defined … as [] One Ounce Silver coin of .999 pure silver, or the equivalent par value." Complaint at 13. Plaintiffs appear to have asserted these allegations to support two frivolous theories, commonly referred to as the "vapor money theory" and the "unlawful money theory."

The "vapor money theory" was described succinctly by the court in *Demmler v. Bank One N.A.*, No. 2:05-CV-322, 2006 WL 640499 (S.D. Ohio Mar. 9, 2006)[1]:

> Plaintiff alleges that the promissory note he executed is the equivalent of "money" that he gave to the bank. He contends that [the lender] took his "money," *i.e.*, the promissory note, deposited it into his account without his permission, listed it as an "asset" on its ledger entries, and then essentially lent his own money back to him. He contends that [the lender] … "created" the money through its bookkeeping procedures.

*Id.* at *3.

The "unlawful money" theory is slightly different from the "vapor money theory." Under the "unlawful money" theory, the issuance of "credit" is said to violate Article I, Section 10 of

---

[1] Unpublished decisions are attached at ***Exhibit A***.

4

the Constitution; thus, only government-issued currency is "legal tender." *See Rudd v. Keybank*, No. C2-05-CV-0523, 2006 WL 212096, at *5 (S.D. Ohio Jan. 25, 2006).

Every court that has addressed these theories has rejected them. For example, in *Demmler*, the court found that it would be a "waste of judicial resources to delve into the voluminous allegations contained in Plaintiff's twenty-one count complaint" because claims based on the "vapor money theory" were "utterly frivolous" and "patently ludicrous." 2006 WL 640499, at **3-4 (dismissing state law claims and claims under the National Bank Act, Truth in Lending Act, Fair Debt Collection Practices Act, and Fair Credit Reporting Act). Similarly, in *Nixon v. Individual Head of St. Joseph Mortgage Co.*, 615 F. Supp. 898 (N.D. Ind. 1985), the court held that a plaintiff's "unlawful money" allegations were "absurd." *Id.* at 900. Stating that "private parties may enter into transactions to trade whatever they agree on as having equal value," the *Nixon* court held that a loan transaction is not invalid merely because "credit" is issued. *Id.* (dismissing claims of breach of contract, fraud, usury, illegality, unjust enrichment, and racketeering).

This Court should reject Plaintiffs' frivolous theories and dismiss the Complaint in its entirety. *See, e.g., Tuttle v. Chase Home Finance, LLC*, No. 2:08-CV-574, 2008 WL 4919263, at **3-4 (D. Utah Nov. 17, 2008) (dismissing claims based on the vapor money theory and explaining that the theory had absolutely "no basis in the law"); *Mother: Vertis-Mae v. Argent Mortgage Co., LLC*, No. 1:07-CV-2469-TWT, 2008 WL 1995363, at *1 (N.D. Ga. May 5, 2008) (dismissing complaint based on unlawful money theory).

5

### 2. The Complaint Fails to State a Claim for Fraud, Racketeering, or Civil Conspiracy.

Plaintiffs claim that Defendants are liable for fraud, racketeering, and civil conspiracy because CHL refused Plaintiffs' "lawful offer and has refused to zero the account." *See* Complaint at 6. These claims must be dismissed. Not only are they frivolous, as discussed above, but Plaintiffs have failed to sufficiently allege facts supporting these claims. *See Twombly*, 127 S. Ct. at 1965.

#### a. Plaintiffs' Purported Fraud Claim Must be Dismissed.

The essential elements of fraud under North Carolina law are (1) a false representation or concealment of a material fact; (2) reasonably calculated to deceive; (3) made with intent to deceive; (4) which does in fact deceive; and (5) resulting in damage to the injured party. *Ragsdale v. Kennedy*, 286 N.C. 130, 138, 209 S.E.2d 494, 500 (1974). Moreover, when a party brings an allegation of fraud, Rule 9(b) requires that "circumstances constituting fraud … shall be stated with particularity." Fed. R. Civ. P. 9(b).

In *Terry v. Terry*, 302 N.C. 77, 85, 273 S.E.2d 674, 678 (1981), the North Carolina Supreme Court instructed that "in pleading actual fraud the particularity requirement is met by alleging time, place, and content of the fraudulent representation, identity of the person making the representation, and what was obtained as a result of the fraudulent act or representations." Similarly, the Fourth Circuit Court of Appeals has stated that the "circumstances" required to be pled with particularity are the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999); *see also Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 421 (4th Cir. 1990) (noting that "it is well-settled

under North Carolina law … that a complaint claiming fraud is fatally defective unless it alleges detrimental reliance and damages proximately flowing from such reliance with particularity").

Plaintiffs' Complaint claims that CHL committed "fraud" by refusing a "lawful offer" and "refus[ing] to zero the account." Complaint at 5. But Plaintiffs have not alleged all of the elements of fraud, much less the facts required by Rule 9(b). Nowhere in the Complaint do Plaintiffs specify which alleged statements were false, the time and place of any such statements, or the person responsible for making (or, in the case of omissions, not making) those statements. Accordingly, Plaintiffs' purported fraud claim must be dismissed.

### b. Plaintiffs Have Not Stated a Claim Under the North Carolina RICO Statute.

Because Plaintiffs use the term "racketeering," Complaint at 5, Defendants assume that Plaintiffs may be attempting to state a claim under either the federal or North Carolina RICO statutes, 18 U.S.C. § 1694 *et. seq.* and N.C. Gen. Stat. § 75D-1 *et. seq.* This claim fails as a matter of law.

In order to state a claim under the RICO statutes, a plaintiff must allege, "at a minimum, (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity, otherwise known as a 'predicate act.'" *Hoke v. E.F. Hutton & Co., Inc.*, 91 N.C. App. 159, 163, 370 S.E.2d 857, 859-60 (1988) (citing *Sedima, S.P.R.L. v. Imrex Co.*, 105 S. Ct. 3275 (1985)). In addition, the plaintiff must allege a direct nexus between the predicate acts and his alleged injury. *See id.*

Plaintiffs have not come close to stating a claim under either the federal or North Carolina RICO statutes. Plaintiffs fail to allege any facts supporting their conclusory allegation that Defendants engaged in a "pattern of racketeering activity." Plaintiffs also fail to allege any connection between any predicate act and their alleged injury. Plaintiffs merely allege that their

7

"tender" of a "lawful offer" was rejected by CHL. Complaint at 6. Accordingly, Plaintiffs' RICO claim must be dismissed.

### c. Plaintiffs' Civil Conspiracy Claim Fails.

Plaintiffs' Complaint apparently attempts to bring a claim for civil conspiracy against CHL. *See* Complaint at 6. Importantly, the sole allegation supporting this claim is Plaintiffs' theory that by rejecting a "lawful offer," CHL committed a conspiracy. *See id*. This allegation falls short of alleging the elements of a claim for civil conspiracy under North Carolina law.

Under North Carolina law, "[a]ccurately speaking, there is no such thing as a civil action for conspiracy. . . . The gist of the civil action for conspiracy is the act or acts committed in pursuance thereof—the damage—not the conspiracy or the combination. The combination may be of no consequence except as bearing upon rules of evidence or the persons liable." *Reid v. Holden*, 242 N.C. 408, 414-15, 88 S.E.2d 125, 130 (1955); *see also Fox v. Wilson,* 85 N.C. App. 292, 300-01 (1987). While the claim has specific elements and must be properly pleaded, it is not an independent ground for liability; rather, it is merely a way of spreading liability to all alleged conspirators for tortious acts made by other conspirators. Although Plaintiffs apparently allege a separate cause of action for civil conspiracy, they cannot and should not recover upon that claim as an independent basis for liability. In this case, the "gist of the civil action for conspiracy" is the alleged act or acts taken by the defendants. It is not in and of itself a claim for relief.

In any event, the elements necessary for finding the existence of a civil conspiracy under North Carolina law are: "(1) an agreement between two or more individuals; (2) to do an unlawful act or to do a lawful act in an unlawful way; (3) resulting in injury to plaintiff inflicted

by one or more of the conspirators; and (4) pursuant to a common scheme." *Jones v. City of Greensboro,* 51 N.C. App. 571, 583, 277 S.E.2d 562, 571 (1981) (citations omitted) (*overruled on other grounds by Fowler v. Valencourt*, 334 N.C. 345, 435 S.E.2d 530 (1993)). Plaintiffs' Complaint fails to allege <u>any</u> of these required elements, thus, their claim for civil conspiracy fails as a matter of law.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request dismissal of Plaintiffs' Complaint in its entirety *with prejudice*.

This 6th day of August 2009.

                                            **s/Stacie C. Knight**
                                            A. Todd Brown (N.C. Bar No. 13806)
                                            Stacie C. Knight (N.C. Bar No. 28482)
                                            *Counsel for Defendants Countrywide Home Loans, Inc., Jimmy Munoz, and Adrian Ely*
                                            **HUNTON & WILLIAMS LLP**
                                            Bank of America Plaza
                                            101 South Tryon Street, Suite 3500
                                            Charlotte, NC 28280
                                            Telephone: (704) 378-4700
                                            Fax: (704) 378-4890
                                            E-Mail: tbrown@hunton.com
                                            E-Mail: sknight@hunton.com

## CERTIFICATE OF SERVICE

  I hereby certify that on August 6, 2009, I served the foregoing **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** upon each of the parties in this lawsuit via certified mail, return receipt requested, in envelope(s) addressed as follows:

    William G. Barber
    Melinda Barber
    P.O. Box 1155
    Cashiers, NC 28717-1155


            **s/ Stacie C. Knight**
            Stacie C. Knight