# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:09cv40

| | |
|---|---|
| WILLIAM G. BARBER; and MELINDA BARBER, ) ) ) Plaintiffs, ) ) Vs. ) ) COUNTRYWIDE HOME LOANS, ) INC.; VIP JIMMY MUNOZ; SHEILA ) ZUCKERMAN; and ADRIAN ELY, ) ) Defendants. ) _____ ) | MEMORANDUM AND RECOMMENDATION |

**THIS MATTER** is before the court on defendants Countrywide Home Loans, Inc.'s, Jimmy Munoz's, and Adrian Ely's Motion to Dismiss under Rules 9(b) and 12(b)(6). Plaintiffs are proceeding *pro se* and have been advised of their obligation to respond and the time for doing so. See Roseboro Order, Docket Entry #7. Plaintiffs were allowed up to and inclusive of September 25, 2009, to respond, but no response was filed.

## FINDINGS AND CONCLUSIONS

**I.    Nature of Action and Defendants' Motion**

In this action, which appears to involve a mortgage loan on a residential

property in the mountains of North Carolina, plaintiffs claim that they are "seeking a remedy in Admiralty." Compl., at p. 2&4. They demand cancellation and discharge of their mortgage loan debt. Id., at p. 6. Plaintiffs allege that a

> note was created on our credit and signature . . . and was not an asset of Countrywide until we gave it to the bank.
> * * *
> When Countrywide accepted our mortgage 'Note in exchange for credits to [our] borrower's transaction account', it became obligated to us, the Third Party Plaintiffs.

Id., at pp. 4-5 (errors and brackets in the original). Countrywide allegedly "sold the original note and failed to give credit to our account." Id. , at 4 (emphasis deleted). Plaintiffs demand to "inspect the 'Original Mortgage Note', with wet ink signatures, along with the Title Page that shows whether or not the mortgage has been satisfied." Id. (errors in the original).

The Complaint also references an "Agreement" that "did not provide the Plaintiffs with knowledge of the nature of the transaction." Id., at 5. According to Plaintiffs, the Agreement "concealed the fact that Countrywide exchanged our Note [which was our Asset] for a credit to the borrower's transaction Account." Id. (emphasis deleted; bracketed material in the original). Plaintiffs claim that this "credit" loan was unconstitutional. Id., at pp. 2 & 6. They state that they "tendered a lawful offer to Countrywide to settle" their alleged claims, but that Countrywide refused the "lawful offer and has refused to zero the account." Id.,at 6. Plaintiffs allege

that, as a result, defendants are liable for "a Dishonor in Commerce, Fraud, Theft of Public Funds, Racketeering, and Conspiracy," and the debt has been discharged. Id., at pp. 5-6.

Plaintiffs also assert as a "Counterclaim" a demand for "$1,000,000.00 per count Per Third Party Defendant." Id., at p. 12. Plaintiffs also demand payment of the "$2,200,000.00 Countrywide received when it sold our Note and did not give us the credit it exchanged for our Note." Id., at p. 11.

While captioning the matter as an action against Countrywide and individual defendants Munoz, Zuckerman, and Ely, plaintiffs' Complaint contains no allegations against them. Plaintiffs do make a "demand that . . . Jimmy Munoz, Shelia Zuckerman, and Adrian Ely produce their Proof of Claim." Id., at p. 4.

## II. Applicable Standards

### A. Rule 9(b) Standard

When pleading fraud, the notice pleading requirements are inapplicable and special rules of pleading come into play. Rule 9(b), Federal Rules of Civil Procedure, provides:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition[s] of mind of a person may be averred generally.

The specificity required in claiming fraud is an exception to the provisions of notice

pleading found in Rules 8(a),(e), and (f), Federal Rules of Civil Procedure. See also N.C. Gen. Stat. Chapter 1A-1, Rule 8. The general rule that pleadings are to be given liberal construction does not apply to claims of fraud. Rosenthal v. Perkins, 42 N.C. App. 449 (1979).

Because review is limited to the face of the pleadings and accompanying attachments, factual support outside of the record may not be considered and is treated as if it does not exist. A plaintiff must be particular as to the facts upon which its claim of fraud arises. Hoyle v. Bagby, 253 N.C. 778 (1961). An allegation which merely states that the acts specified constituted fraud is conclusory. Patuxent Development Co. v. Bearden, 227 N.C. 124 (1947). Conclusory allegations of fraud are insufficient to meet the requirement of particularity. Smith v. Central Soya of Athens, Inc., 604 F. Supp. 518 (1985). The issue becomes whether proof of the facts as alleged in the Complaint would entitle the plaintiffs to relief. Brooks Equipment & Mfg. Co. v. Taylor, 230 N.C. 680 (1949). Reliance on discovery to support a claim of fraud is inappropriate. "A plaintiff must know about what he is complaining before he files [a] suit [claiming fraud]." McFarland v. Memorex Corp., 493 F. Supp. 631, 656 (N.D. Cal. 1980). The district court's opinion in McFarland dovetails with the requirement of Rule 9(b) that "the circumstances constituting fraud or mistake shall be stated with particularity." Rule 9(b), Fed. R. Civ. P. To allow otherwise would be

to encourage actions for fraud based on "information and belief" rather than hard facts and firsthand knowledge.

**B.     Rule 12(b)(6): Applicable Standard**

Until recently, a complaint could not be dismissed under Rule 12(b)(6) unless it appears certain that the plaintiffs can prove no set of facts which would support their claim and entitle them to relief. Neitzke v. Williams, 490 U.S. 319 (1989); Conley v. Gibson, 355 U.S. 41 (1957). This "no set of facts" standard has been specifically abrogated by the Supreme Court in recent decisions.

First, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Id., at 563. The Court specifically rejected use of the "no set of facts" standard because such standard would improperly allow a "wholly conclusory statement of claim" to "survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id., at 561 (alteration in original).

Post Twombley, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts in his complaint that "raise a right to relief above the speculative level."

Id., at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, a plaintiff must now plead sufficient facts to state a claim for relief that is "*plausible* on its face." Id., at 570 (emphasis added).

While the Court was clear in Twombly that Conley was no longer controlling, see Twombly, 550 U.S. at 563, and Felman Production Inc. v. Bannai, 2007 WL 3244638, at *4 (S.D.W.Va. 2007), it again visited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (May 18, 2009). In Ashcroft, the Court held that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., S.Ct., at 1949. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant

has acted unlawfully." Id. Thus, a complaint fall short of the plausibility standard where plaintiff "pleads facts that are 'merely consistent with' a defendant's liability . . . ." Id. While the court accepts plausible factual allegations made in the Complaint as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

As reflected above in the discussion of the allegations of the Complaint herein, the court has accepted as true all of the factual allegations contained in the Complaint, and, as well, has identified "pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft, supra, at 1950. As reflected below, the court has assumed the veracity of any well-pleaded factual allegations "and [will] then determine whether they plausibly give rise to an entitlement to relief." Id. (alteration added).

### III. Discussion

#### A. Introduction

The court has not accepted as true the legal theories and conclusions which constitute the bulk of the Complaint in this matter. The court has accepted as true plaintiffs' allegations of the existence of a mortgage, a promissory note, a deed of

trust, the sale of the loan to a third party, and the inference that Countrywide is either servicing such loan and/or has commenced to foreclose on the loan. Even when those allegations are accepted as true, there simply is no cognizable cause of action alleged. Put another way, plaintiffs' use of legal terms and importation or phrases from the Uniform Commercial Code cannot create a cause of action that simply does not exist. Indeed, the court notes that plaintiffs are utilizing terminology and making demands that have been utilized by so called "tax protestors" in this court in the past two decades. While the court carefully reads and considers every page of every document that is filed, plaintiffs are advised that such tactics are a waste of their time as well as the court's time, which is paid for by hard-earned tax dollars.

**B. Plaintiffs Fail to State a Cause of Action Upon Which Relief Could be Granted by this Court.**

**1. Vapor and Unlawful Money Claims**

To avoid dismissal based on Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must provide "more than labels and conclusions . . . ." Twombly, supra, at 1965. Plaintiffs allege that above actions of Countrywide were committed 'in violation of Article 1 Section 10 of the U.S. Constitution." Compl., at pp. 2 & 4-6. Plaintiffs state that their damages should be paid in U.S. dollars, "defined … as [] One Ounce Silver coin of .999 pure silver, or the equivalent par value." Id., at p. 13.

The theories of relief asserted herein are commonly referred to as the "vapor money theory" and the "unlawful money theory." In <u>Demmler v. Bank One N.A.</u>, 2006 WL 640499 (S.D. Ohio 2006),[1] the district court explained the vapor money theory prevalent in this type of frivolous litigation:

> Plaintiff alleges that the promissory note he executed is the equivalent of "money" that he gave to the bank. He contends that [the lender] took his "money," i.e., the promissory note, deposited it into his account without his permission, listed it as an "asset" on its ledger entries, and then essentially lent his own money back to him. He contends that [the lender] … "created" the money through its bookkeeping procedures.

<u>Id.</u>, at 3. Under the "unlawful money" theory, the issuance of "credit" is said to violate Article I, Section 10 of the Constitution; thus, the theory goes, only government-issued currency is "legal tender." <u>Rudd v. Keybank</u>, 2006 WL 212096, at *5 (S.D. Ohio Jan. 25, 2006). Such theories have been soundly rejected by every court that has considered them, and the undersigned finds as have other courts that it would be a "waste of judicial resources to delve into the voluminous allegations contained in Plaintiff's . . . complaint" because claims based on the "vapor money theory" were "utterly frivolous" and "patently ludicrous." <u>Demmler</u>, <u>supra</u>, at 3-4. <u>See</u> <u>also</u> <u>Nixon v. Individual Head of St. Joseph Mortgage Co.</u>, 615 F. Supp. 898, 900 (N.D. Ind. 1985)(holding "unlawful money" allegations were "absurd"). The

---

[1] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

undersigned will recommend that plaintiffs' vapor and unlawful money claims be summarily dismissed as they are not cognizable claims.

### 2. Fraud, Racketeering, and Civil Conspiracy.

Plaintiffs also claim that defendants are liable for fraud, racketeering, and civil conspiracy because Countrywide has refused plaintiffs' "lawful offer and has refused to zero the account." Compl., at p. 6. Such claims fail to satisfy either Rule 12(b)(6) or Rule 9(b). From the outset, plaintiffs have made absolutely no plausible factual allegations upon which a jury could return a verdict in their favor based on fraud, racketeering, or civil conspiracy. Plaintiffs' allegations fail to meet the pleading requirements of Rule 9(b) by sufficiently alleging specific facts that would support these claims.

#### a. Fraud

The essential elements of fraud under North Carolina law are (1) a false representation or concealment of a material fact; (2) reasonably calculated to deceive; (3) made with intent to deceive; (4) which does in fact deceive; and (5) resulting in damage to the injured party. Ragsdale v. Kennedy, 286 N.C. 130, 138 (1974). Rule 9(b) requires that "circumstances constituting fraud … shall be stated with particularity," Fed. R. Civ. P. 9(b), which requires "alleging time, place, and content of the fraudulent representation, identity of the person making the representation, and

what was obtained as a result of the fraudulent act or representations." Terry v. Terry, 302 N.C. 77, 85 (1981). Plaintiffs allege that Countrywide committed "fraud" by refusing a "lawful offer" and "refus[ing] to zero the account." Compl., at p. 5. Such allegations do not even come close to fraud as plaintiffs have simply alleged that defendant has done a fundamentally lawful thing, refuse an offer. Plaintiffs' fraud claim must be dismissed and the undersigned will so recommend.

### b. Racketeering

In claiming that defendants are engaged in "racketeering," Compl., at 5, the court assumes that plaintiffs are attempting to invoke RICO under either federal or North Carolina law. See 18 U.S.C. § 1694 *et seq.*; and N.C.Gen. Stat. § 75D-1 *et seq.* Under either statutory scheme, plaintiffs allegations are deficient. Under either federal or state law, plaintiffs must allege,

> at a minimum, (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity, otherwise known as a 'predicate act.'

Hoke v. E.F. Hutton & Co., Inc., 91 N.C. App. 159, 163 (1988) (citation omitted). Plaintiffs must also allege a direct nexus between the predicate acts and his alleged injury. Id. Plaintiffs fail to allege any facts supporting their conclusory allegation that defendants engaged in a "pattern of racketeering activity" or any nexus between a predicate act and their alleged injury. Instead, plaintiffs merely allege that their "tender" of a "lawful offer" was rejected by Countrywide. Compl., at p. 6. The

undersigned will, therefore, recommend that plaintiffs' RICO claim be dismissed.

### c. Civil Conspiracy

Plaintiffs' also assert a claim for civil conspiracy against these defendants. As with the previous asserted causes of action, plaintiff puts a lot of stock in Countrywide's supposed rejection of their "lawful offer." This allegation is the only allegation tendered in support of this legal theory.

While there is no freestanding cause of action for "civil conspiracy," the elements of a claim seeking damages for the wrongful acts committed in the course of a civil conspiracy in North Carolina would appear to be:

(1) an agreement between two or more persons to commit a wrongful act;

(2) an act in furtherance of the agreement; and

(3) damage to the plaintiff as a result of the wrongful act.

See Henderson v. LeBauer, 101 N.C. App. 255, 260 (1991). As the district court has recently recognized, this claim cannot be brought independent of properly-alleged claims for underlying wrongdoing, making such claim subject to dismissal if the underlying claims for wrongful conduct are dismissed. Precision Components, Inc. v. C.W. Bearing USA, Inc., 3:06-CV-259 (W.D.N.C. Dec. 16, 2008) (Reidinger, J.). Here, there are no viable underlying claims for anything, subjecting such claim to outright dismissal. Further, such claim could not survive even on its own merits as

plaintiffs have failed to allege that Countrywide has done anything wrongful under any recognized law. Plaintiffs' claim for civil conspiracy fails as a matter of law, and the undersigned will recommend that it be dismissed.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendants Countrywide Home Loans, Inc.'s, Jimmy Munoz's, and Adrian Ely's Motion to Dismiss under Rules 9(b) and 12(b)(6) (#6) be **ALLOWED**, and that this action be **DISMISSED** in its entirety with prejudice.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **ten (10)** days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert.

Signed: October 7, 2009

Dennis L. Howell
United States Magistrate Judge

-14-